CONDIT BEEF AND PROVISION COMPANY et al.

*v.*

SIMEON W. ARLISS et al.

[Decided May 22d, 1917.]

. 1. A voluntary conveyance is presumed to be fraudulent as to debts antecedently due.

2. *Crane* v. *Brewer, 73 N. J. Eq. 558,* approved and followed.

3. *Severs* v. *Dodson, 53 N. J. Eq. 634,* distinguished.

On bill, &c.

*Mr. Herbert J. Hannoch,* for the complainants.

*Mr. Hugo Woerner,* for the defendants.

STEVENS, V. C.

This is a creditor's bill to set aside a voluntary conveyance.

In March, 1915, the defendant Arliss, a retail butcher, made such a conveyance to his wife. At the time he made it, he was indebted to the complainants, wholesale butchers, on a running account. He continued to buy from them for several months thereafter, and, from time to time, made payments on account. According to the rule relating to appropriation of payments, the debit items of the account, as they stood when the conveyance was made, were satisfied by the payments made subsequently, but the account was never paid in full; and it was not reduced to an amount less than that which was owing at the time of the conveyance.

The question is whether complainants were existing creditors within the rule of *Haston* v. *Castner, 31 N. J. Eq. 703.* This question was answered in the affirmative by Vice-Chancellor Howell in *Crane* v. *Brewer, 73 N. J. Eq. 558.* The argument now made is that the decision does not notice and does not ac-

cord with that of the court of errors and appeals in *Severs* v. *Dodson, 53 N. J. Eq. 634.* I should hardly feel at liberty to disregard *Crane* v. *Brewer*, but I may say that it seems to me to be rightly decided. *Haston* v. *Castner* holds that a voluntary conveyance is presumed to be fraudulent as to debts antecedently due; and that, as a rule of evidence, no circumstances will be permitted to repel this legal presumption. *Severs* v. *Dodson* decides that an accommodation endorser of a promissory note is not a debtor within the meaning of the rule.

In the case in hand, the complainants were creditors when the conveyance was made and they continued to be up to the entry of judgment. There was always, during the intervening period, a debt owing as great as that which existed at the time defendant conveyed. The debt, it is true, was from time to time increased and diminished, but it continued to be one debt, contained in one account and constituting a single cause of action. The situation was similar to that appearing in *Whittington* v. *Jennings, 6 Sim. 493,* a case in which a voluntary assignment, made under like circumstances, was avoided.

The case in hand differs from *Severs* v. *Dodson,* in the controlling circumstance that there, there was a contingent liability and not an existing debt. Chief-Justice Beasley said that the conclusive presumption obtained only when the conveyance was made by one indebted. In the case in hand it was so made. It was, therefore, voidable at the time. As the debt persisted until judgment, although the items of which it was composed underwent change, it would seem more reasonable to apply the rule of *Haston* v. *Castner* than that of *Severs* v. *Dodson.* To apply the latter rule would be putting the rule as to application of payments to a very unwarrantable use.

It is argued that the partial payments were made with reference to particular items. I fail to see that it makes any difference, as far as the present question is concerned, whether the payments exactly equaled the items or overpaid them. In either case a part of the whole debt remained.